[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 85
Honorable James L. Mathewson Representative, District 113 806 West Broadway Sedalia, Missouri 65301
Dear Representative Mathewson:
This letter is in response to your question asking:
 "`Can a city counselor serve as an acting municipal judge in a third class city?'
 "We have an elected municipal judge. When he is ill or out of town, the retained city counselor acts as municipal judge."
Section 98.320, RSMo 1969, provides in part that:
 "1. The police judge in cities of the third class shall be conservators of the peace, and shall have exclusive original jurisdiction to hear and determine all offenses against the ordinances of the city.
 "2. If the police judge be absent, sick or disqualified from acting, the mayor shall designate some competent, eligible person of the city to act as police judge until such absence or disqualification shall cease; . . ."
Section 98.340, RSMo 1969, provides:
 "In any suit or action at law or in equity brought by or against the city except in prosecutions begun before the police judge, the city council may, by resolution, employ an attorney or attorneys, and pay him or them a reasonable fee therefor; provided, that any city may, by ordinance, provide for the office of city counselor and his duties and compensation. Such city counselor, when so provided for, shall represent the city in all cases in all courts of record in this state; shall draft all ordinances and contracts and all legal forms of every kind, and give legal advice to the council and other officers of the city, and perform such other duties as shall be prescribed by ordinance or shall be ordered by the council or the mayor. In any city where there is a city counselor, the duties of the city attorney shall be such as may be prescribed by ordinance."
We understand that the ordinances of the city to which you refer do not place any duty upon the city counselor to prosecute cases before the police judge and that the city attorney conducts such prosecutions and appeals therefrom.
We find no statutory or constitutional provision expressly disqualifying such a city counselor from serving as police judge. Likewise, we find no common law disqualification which would prevent the city counselor from acting as police judge.
In State ex rel. Walker v. Bus, 36 S.W. 636 (Mo.Banc 1896), the Supreme Court of Missouri, in holding that the offices of deputy sheriff and school director were not incompatible, stated the general common law rule as follows, l.c. 639:
 ". . . At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, — some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. It was said by Judge Folger (People v. Green, 58 N.Y. 295); `Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that "incompatibility" from which the law declares that the acceptance of the one is the vacation of the other. The force of the word in its application to this matter is that, from the nature and relations to each other of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one towards the incumbent of the other. . . ."
We note that the legislature has authorized mayors of certain fourth class cities to act as police judges. See Sections 98.500,et seq., RSMo 1969. Since the legislature has established public policy in this respect by designating mayors to act as police judges in certain cities, there is no sound reason to conclude that the city counselor in the circumstance presented could not act as police judge. (Compare Ward v. Village of Monroeville, 409 U.S. 57,34 L.Ed.2d 267, 93 S.Ct. 80 (1972) and cases cited therein for instances in which a mayor's interest was held not to be impartial because of the particular fact situation involved.)
We conclude that, in the absence of facts presenting a conflict of interest or a showing of partiality because of a particular fact situation, it is not improper for such a city counselor to act as police judge.
Yours very truly,
 JOHN ASHCROFT Attorney General